UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRYAN T. WARREN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:22-cv-00093 |
| NATIONAL CREDIT SYSTEMS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes BRYAN T. WARREN ("Plaintiff"), by and through his attorneys, complaining as to the conduct of NATIONAL CREDIT SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

### PARTIES

4. Plaintiff is a consumer over-the-age of 18 and a resident of Montgomery County, Ohio, which is within the Southern District of Ohio.

5. Defendant boasts that it is "a specialized collection firm helping apartment owners and managers recover money that is rightfully owed to them by former residents who have not fulfilled their lease obligations."[1] Defendant is a corporation organized under the laws of the state of Georgia with its principal place of business located at 3750 Naturally Fresh Boulevard, Atlanta Georgia 30349.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a defaulted real estate lease ("subject debt") that is purportedly owed by Plaintiff.

8. Upon information and belief, following Plaintiff's purported default, the subject debt was turned over to Defendant for collection purposes.

9. Around early 2021, Plaintiff began receiving calls to his cellular phone, (937) 903-1566, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1566. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.nationalcreditsystems.com/Company.aspx

11. Defendant has primarily used the phone number (937) 764-4073 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, the above referenced phone number ending in -4073 is regularly utilized by Defendant during its debt collection activity.

13. On multiple instances, Plaintiff informed Defendant that he did not wish to be contacted and demanded that Defendant stop calling.

14. Defendant ignored Plaintiff's multiple cease calling demands and kept the calls coming.

15. Plaintiff has received countless phone calls after he demanded Defendant to stop.

16. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress stemming from the persistent calls, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

3

21. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

 a. **Violations of FDCPA §§ 1692c(a)(1) and 1692d**

24. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. This recurring behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the objective of annoying and harassing him.

26. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

 b. **Violations of FDCPA § 1692e**

4

27. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

29. Defendant violated §§ 1692e and e(10) when it ignored Plaintiff's demands and carried on the incessant calling to Plaintiff's cellular phone. Through its conduct of repeatedly initiating calls, Defendant deceptively and misleadingly represented to Plaintiff that it had the legal ability to contact him upon his non-consent when it did not.

    **c. Violations of FDCPA § 1692f**

30. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously and frequently calling Plaintiff after Plaintiff expressly revoked consent to be called.

32. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BRYAN T. WARREN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 11, 2022

Respectfully submitted,

s/ Chad W. Eisenback
Chad W. Eisenback
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (312) 313-1613
Facsimile: (630) 575-8188
ceisenback@sulaimanlaw.com